UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Harry Haining Zhang

14 CV 6945

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

JUDGE McMAHON

**COMPLAINT**

Kon Ki Lo
Ming Cheung
Jonathan So
Man Shing Wu
Eatware Global Corp
Eatware, Inc.
Johnny Ka Siu Tang
HKCMCPA Company Limited

Jury Trial: ☒ Yes  ☐ No
(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

## I.  Parties in this complaint:

A.  List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff  Name  Harry Haining Zhang
Street Address  3330 Parker Lane
County, City  Monroe County, East Stroudsburg
State & Zip Code  Pennsylvania 18301
Telephone Number  917-723-0338

B.  List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1  Name  Kon Ki Lo
Street Address  Flat B, 18/F, Tower 1, Victoria Towers, 188 Canton Rd, Kowloon, HK

*Rev. 05/2010*

```
                        Tel: 011-852-90588799

       Defendant  2.     Name:  Ming Cheung
                        Address:  16/F, Honest Motors Building, 9-11 Leighton Road
                               Causeway Bay, Hong Kong
                        Tel: 011-136-9191-6262

       Defendant  3.     Name:      Jonathan So
                        Address:   23/F, Westin Center, 26 Hung To Road
                                   Kwun Tong, Kowloon, Hong Kong
                        Telephone: 011-852-2295-1818

       Defendant  4.     Name:      Man Shing Wu
                        Address:   23/F, Westin Center, 26 Hung To Road
                                   Kwun Tong, Kowloon, Hong Kong
                        Telephone: 011-852-2295-1818

       Defendant  5.     Name:      Eatware Global Corp
                        Address:   23/F, Westin Center, 26 Hung To Road
                                   Kwun Tong, Kowloon, Hong Kong
                        Telephone: 011-852-2295-1818

       Defendant  6.     Name:      Eatware, Inc.
                        Address:   23/F, Westin Center, 26 Hung To Road
                                   Kwun Tong, Kowloon, Hong Kong
                        Telephone: 011-852-2295-1818

       Defendant  7.     Name:  Johnny Ka Siu Tang
                        Address:   Unit 602, 6/F, Hoseinee House, 69 Wyndham Street
                               Central, Hong Kong
                        Telephone:   011-852-2573-2296

       Defendant  8.     Name:      HKCMCPA Company Limited
                        Address:   Unit 602, 6/F, Hoseinee House, 69 Wyndham Street
                                   Central, Hong Kong
                        Telephone: 011-852-2573-2296
```

**II.   Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction?   *(check all that apply)*

   QX   Federal Questions            QX   Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? <u>This Court has jurisdiction pursuant to 28 U.S.C.§1331, there being a Federal Question arising under the RICO Act 18 U.S.C. §1961 et seq.</u>

C.   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

   Plaintiff(s) state(s) of citizenship   <u>Pennsylvania</u>
   Defendant(s) state(s) of citizenship  <u>Nevada and Hong Kong</u>

### III. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? New York, New York

B. What date and approximate time did the events giving rise to your claim(s) occur? 2009

C. Facts:

1. Harry Haining Zhang, appearing Pro Se, brings this action against Defendants Kon Ki Lo, Ming Cheung, Jonathan So, Man Shing Wu, Eatware Global Corp, Eatware, Inc., Johnny Tang Ka Siu and HKCMCPA Company Limited.

2. This is an action for judgment against the Defendants Kon Ki Lo, Ming Cheung, Jonathan So, Man Shing Wu, Eatware Global Corp, Eatware, Inc., Johnny Tang Ka Siu and HKCMCPA Company Limited for damages resulting from violation of the civil RICO Act 18 U.S.C. §1961 et seq., breach of contract, breach of contract-quantum meruit, breach of a fiduciary duty, negligent interference with prospective advantage, civil conspiracy, unjust enrichment and fraudulent inducement.

### JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331, there being a Federal Question arising under the RICO Act 18 U.S.C. §1961 et seq., and 28 U.S.C. § 1332, there being Diversity of Citizenship between the parties and the matter in controversy exceeding $75,000.00 in value exclusive of interest and costs and on the pendant jurisdiction of this Court to entertain state claims arising under the same nucleus of operative facts.

### VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants are doing business in, and hence is a resident of, this judicial district. Venue is also proper because this is the judicial district in which one or more

of the claims arose.

**PARTIES**

5.  Plaintiff Harry Haining Zhang, AKA Harry Zhang or Haining Zhang, (Zhang"), was a resident of the State of New York at all times relevant to this complaint.

6.  Defendant Kon Ki Lo, AKA Samuel Lo, ("Lo"), with a Hong Kong ID of 5012-1631-3217, was at all times relevant to this complaint. Defendant Lo was duly appointed as a board member of CHSH, changed to Eatware, Inc. later on. Besides Eatware Inc., Defendant Lo has also been either a principal or a significant stakeholder of several public traded reporting companies in the U.S, including China Shouguan Mining Corporation and China Films Technology, and many of them have used New York-based law firms and service providers. Defendant Lo has had a significant amount of business activities in the County of New York.

7.  Defendant Ming Cheung, AKA Angus Ming Cheung or Angus Cheung, ("Cheung") was at all times relevant to this complaint. Defendant Cheung was duly appointed as CFO of CHSH, changed to Eatware, Inc. later on. Besides Eatware Inc., Defendant Cheung has also been either a principal or a significant stakeholder of several public traded reporting companies in the U.S, including China Shouguan Mining Corporation and China Films Technology, and many of them have used New York-based law firms and service providers. Defendant Cheung has had a significant amount of business activities in the County of New York.

8.  Defendant Jonathan So ("So") was a resident of Wisconsin, Hong Kong and China, relevant to this complaint at all times. Defendant So was a principal of Packitgreen Holding Corp, Eatware Global Corp and Eatware, Inc. Defendant So attended and showcased Eatware Global's products at many trade shows and venues in the State of New York, including Restaurant Show on March 11, 2007 at Javits Center, New York City. At Restaurant Show, Defendant So signed up many customers from the State of New York for Eatware Global products. As an owner of Defendant Eatware Global, Defendant So has a distribution center in Brooklyn, New York. Also, Defendant

So has retained many New York-based attorneys for his personal and business purposes.

9.  Defendant Man Shing Wu ("Wu") was a resident of Hong Kong, relevant to this complaint at all times. Defendant Wu was a principal of Eatware Global Corp and Eatware, Inc. Defendant Wu attended and showcased Eatware Global's products at many trade shows and venues in the State of New York, including Restaurant Show on March 11, 2007 at Javits Center, New York City. At Restaurant Show, Defendant Wu signed up many customers from the State of New York for Eatware Global products. As an owner of Eatware Global, Defendant Wu has a distribution center in Brooklyn, New York. Also, Defendant Wu has retained many New York-based attorneys for his personal and business purposes.

10. Defendant Eatware Global Corp ("Eatware Global") is a BVI company founded in 2006, a 100% owner of Ringbao (Nantong) Environmental Co. LTD, a China WOFE, Eatware Assets Management Limited (HK), Eatware International Limited (BVI) and Eatware Far East Limited (HK). The 100% shareholder of Eatware Global is another BVI company, called Extra Ease Limited, founded on January 2, 2008, and which is controlled by Defendants So and Wu. Eatware Global was in some kind licensing agreement, for a fraudulent purpose, with Eatware Intellectual Properties Limited, a BVI company founded on December 15, 2006, which is controlled by Defendants So and Wu upon a brief. Defendant Eatware Global has had extensive business activities in New York. It attended and exhibited at many trade show and venues in the State of New York, including Restaurant Show on March 11 2007 at Javits Center, New York City. A distribution center, under the name of IFN Green, for distributing Eatware Global's products in metro New York market was set up in Brooklyn, NY as well as in Bronx, New York. Also, the law firms Defendant Eatware Global used for taking over Packitgreen Holdings Corp and CHSH are also New York City-based.

11. Defendant Eatware, Inc. ("Eatware"), also called CHSH, was incorporated in the State of Nevada on January 24, 2005 as Indigo Technologies, Inc. On June 6, 2007, the Company changed its name to China Shoe Holdings, Inc. ("CHSH"). In

5

July 2007, CHSH acquired Wholly Success Technology Group Limited ("WSTG"), a BVI holding corporation. WSTG, through its China-based subsidiary Shanghai KanghongYuheng Enterprise Development ("SKYED"), has been in ladies' footwear design, manufacturing and marketing in Asia. As reported, On March 31, 2009, CHSH entered into a Share Exchange Agreement (the "Exchange Agreement") by and among (1) Extra Ease Limited ("Extra Ease"), (2) Eatware Intellectual Properties Limited ("EWIP"), (3) China Shoe Holdings, Inc., a Nevada corporation (the "Company"), and (4) the Shareholders of Extra Ease and EWIP (collectively "the Shareholders") and as a result of the transaction, CHSH became Eatware, Inc. on March 31, 2009. Also as reported, in connection with the Exchange Agreement, the Company sold off the existing business operations of CHSH by way of a Subsidiary Stock Purchase Agreement dated March 31, 2009, thereby selling the business and assets of its subsidiaries to a third party.

12. HKCMCPA Company Limited ("HKCMCPA") is Hong Kong registered company founded on June 21, 2007, formerly called ZYCPA Company Limited ("ZYCPA") from March 10, 2008 to January 10, 11 and Zhong Yi CPA Company Limited ("Zhongyi") from June 21, 2007 to March 10, 2008. HKCMCPA is PCAOB registered accounting firm for issuing audited financial reports on mainly Asia-based companies that are interested in going public in the U.S. stock market. HKCMCPA's clients include CHSH/Eatware, Inc., China Films Technology, Inc. and China Shouguan Mining Corp, among many others. HKCMCPA had significant business activities in New York during the period relevant to this complaint.

13. Johnny Ka Siu Tang, AKA Johnny Tang Ka Siu and Johnny Tang, ("Tang") is a principal of HKCMCPA, formerly known as Zhong Yi and ZYCPA. Defendant Tang was relevant to this case at all times.

## STATEMENT OF FACTS

14. Wholly Success Technology Group Limited ("WSTG"), a BVI holding corporation, through its China-based subsidiary Shanghai KanghongYuheng Enterprise Development ("SKYED"), had been in the business of design, manufacturing and marketing of

women's footwear in Asia since 2006.

15. Plaintiff executed a Mutual Non-Disclosure and Non-Circumvention Agreement ("NDA") with WSTG on February 6, 2006.

16. Plaintiff executed an exclusive advisory agreement with WSTG/SKYED and its affiliates on advising SKYED and WSTG go public in the U.S. stock market and raise capital from various sources on April 3, 2007. The term of the agreement was for two years and it didn't expire until April 3, 2009. The agreement stipulated that Plaintiff and Plaintiff's designees would have 45% of the equity in the public entity of WSTG during the term of the agreement.

17. WSTG completed a reverse merger with China Shoe Holdings, Inc., a Nevada corporation, (OTCBB:CHSH.OB) on July 6, 2007 by and through the Plaintiff's effort.

18. On July 25, 2007, Plaintiff wired $75,000 to CHSH's bank acct as a loan. The amount was listed on the CHSH' financial statement on September 30, 2008, certified by its then CFO Chaojun Huang. A part of $75,000 went to Defendants Tang and HKCMCPA for auditing fee and consulting fee and the rest amount went to pay the salary for CHSH's employees and overhead for Defendants Lo and Cheung.

19. From May 14, 2005 to September 11, 2009, Plaintiff spent and prepaid over $100K for Edgar filing, travel, advertisement, etc, on behalf of Defendant CHSH/Eatware, Inc.

20. From May 14, 2005 to September 11, 2009, the Plaintiff had spent over 5000 hours of time in various jobs, related to bringing WSTG into public in the U.S. and maintaining the listing status afterward, asked by WSTG/CHSH/Eatware.

21. On December 18, 2008, Plaintiff sent a request to board members of CHSH for refunding the $750k plus 10% in interest as well as $41,211, a partial of prepaid

expenditures paid by The Plaintiff on behalf of CHSH.

22. Defendant Eatware Global was a startup company in biodegradable foodware design, manufacturing and marketing and it is 100% owned by Extra Ease Limited, a BVI corporation. Eatware Global owns various names, trademarks, patents, equipment and procedures for the manufacture, distribution and sales of organically sensitive, environmentally friendly, and biodegradable tableware, packaging and other cellulose-based products (the "Products"). Additionally, Eatware Global owns certain product formulations, production equipment, productions methods and procedures ("Trade Secrets") which may be used to produce the Products.

23. However, its operation had been in negative cash flow at all times relevant. The financial statement was audited by Defendants Tang and HKCMCPA. Defendants Lo, Cheung, Tang and HKCMCPA were aware the financial situation at Defendant Eatware Global prior to the push of the merger between Eatware Global and CHSH.

24. In order to take care of their own interest, Defendants Lo, Cheung, Tang and HKCMCPA pushed CHSH to do a merger with Eatware Global in November 2008.

25. Defendants Lo, Cheung, Tang and HKCMCPA have been doing business as a group. Tang and HKCMCPA have been an auditor to all the public companies in that Defendants Lo and Cheung are either as an affiliate or as a significant shareholder, such as China Films Technology, China Shouguan Mining Corp and Eatware, Inc. Defendants Lo and Cheung must have known Eatware Global had licensed exclusively all of its intellectual properties to PKGH already in December 2007 and Eatware Global had zero value whatsoever in November 2008 when they pushed a merger between Eatware Global and CHSH.

26. Defendants Lo and Cheung drafted a letter of intent as well as Share Exchange Agreement for the merger between CHSH and Eatware Global in November and December 2008 for CHSH to sign. In the letter of intent, they proposed to leave only 1.56%

of equity in the surviving entity to the then current shareholders of CHSH while issuing 5% of equity to themselves under the names of their relatives and designees.

27. Upon information and belief, Defendants Tang and HKCMCPA not only overlooked the insolvency issue at CHSH as an auditor in 2007 and 2008, but also demanded $50k in cash from CHSH as a consulting fee for introducing one of their clients Eatware Global to another client CHSH.

28. On December 23, 2008, Ms. Rufina Pang, a director of HKCMCPA, demanded, through an email, CHSH to make a payment of $34,386.97 in auditing fee and $50,000 in consulting fee for introducing Eatware Global to CHSH within 24 hours. If the $50K was not paid, Defendants Tang and HKCMCPA would take legal actions to sabotage CHSH as a public company, as Ms. Rufina Pang threatened in her email.

29. On December 24 of 2008, Defendants So, Wu and Eatware Global submitted CHSH through Defendants Lo, Cheung, Tang and HKCMCPA a signed MOU and Share Exchange Agreement as well as a super 8k for reporting to SEC in which only 1.56% of the equity in post merger would be given to the then current shareholders of CHSH. The governing laws of the agreement were in the State of Nevada.

30. On December 25, 2008, Defendants Tang and HKCMCPA again threatened CHSH with a legal action if CHSH was not going to have a merger with Eatware Global and to pay the outstanding auditing fees and the $50k in consulting fee. Apparently, the auditor was trying to be the decision maker of its client's business.

31. Defendant Lo also threatened CHSH and the then CEO of CHSH with a legal action if CHSH was not going to do a merger with Eatware Global on December 25, 2008 in an email to the then CEO of CHSH.

32. However, prior to December 25, 2008, Defendants Lo, Cheung, Tang and HKCMCPA had withheld the names of the principals and contact information of Eatware Global from the then CEO of CHSH and CHSH board for a purpose of prearranging a better

merger terms for benefiting themselves while pushing CHSH into a proposed merger with Eatware Global on their own terms.

33. On December 26, 2008, Defendant Lo resigned as a board member and Defendant Cheung resigned as CFO at CHSH for a purpose to put more pressure on CHSH amid the failure of an imminent merger between CHSH and Eatware Global as they planned.

34. On December 28, 2008, CHSH amended to its article of incorporation to increase the authorization from 300 million shares in common to 2,001,000,000 shares, including 2 billion shares in common and 1 million shares in preferred, with a shareholder's approval.

35. As reported on April 7, 2009 to SEC, on March 31, 2009, CHSH enacted a reverse merger with Eatware Global by issuing 1,871,313,946 shares to Eatware Global and its designees. The action had never been approved by a majority of shareholders at CHSH.

36.   JPG Associates, Inc. was incorporated under the laws of the State of Nevada on May 24, 2006. The name was changed to "Packitgreen Holdings Corp" on February 19, 2008. On February 19, 2008, Packitgreen Holdings Corp completed the acquisition of Packitgreen Holdings, Inc., another Nevada company. The original shareholders of Packitgreen Holdings Corp were bought out for an amount of $550,000. The reverse merger transaction was represented by the same attorneys who represented Eatware Global in taking over CHSH on March 31, 2008. As a result of the reverse merger, Defendant So became the CEO and a board director of Packitgreen Holdings, Corp, trading under the ticker symbol of PKGH.

37.   Packitgreen Holdings, Inc. was organized as a Nevada Corporation on July 30, 2007. The Company has two subsidiaries: Packitgreen, Inc. and EATware (USA), Inc. ("EATwareUSA"). EATwareUSA was used to be an operating entity managing manufacturing plants, including a manufacturing facility in Mississippi. On December 1, 2007, Packitgreen, Inc. entered into a ten-year exclusive Licensing