Agreement (the "Agreement") with Defendant Eatware Global for the right of biodegradable foodware. Therefore, Packitgreen Holding Corp ("PKGH") had an exclusive right for ten years from Eatware Global starting on February 19, 2008. Pursuant to the Agreement, Defendant Eatware Global also granted to PKGH a license to use the Trade Secrets to produce the Products to use certain trademarks solely in connection with the packaging, promotion, sale and distribution of the Products to Defendant Eatware Global's assigned distributors.

38. However, PKGH and Defendant So were named as defendants in a complaint filed in a federal court in Mississippi on May 19, 2009 for breach of contract, tortious breach of contract, breach of the duty of good faith and fair dealing and alter-ego liability.

39. Defendant So resigned as a Director, Chief Executive Officer and President of Packitgreen Holdings, Corp, apparently due to the lawsuit in Mississippi, on May 19, 2009, long after becoming a principal at Eatware, Inc. on March 31, 2009.

40. On June 5, 2009, Defendant Eatware effectuated an increase of capital to 2,500,000,000 shares in common and 10,000,000 shares in preferred as well as a 70-for-1 reverse split of the common stock. Again, this action didn't have a shareholder's approval.

41. On June 4, 2009, Defendants So and Wu exchanged their respective positions at Eatware, Inc. Defendant So became the Chairman and Defendant Wu became the CEO of the company as the result.

42. Defendants So and Wu have never updated the information regarding the change in officers and board members at Defendant Eatware with Nevada State Secretary of State office. The registration of Defendant Eatware was revoked in 2010.

43. Defendants So and Wu as the officers and directors of Eatware haven't made an effort to make Defendant to file reports with U.S. Securities and Exchange

Commission since 2010 despite repeated urges from SEC. The trading status of Defendant Eatware was halted by SEC as a result.

## STATEMENT OF CLAIMS

Federal Cause of Action

### COUNT I

### VIOLATION OF RICO 18 U.S.C. § 1961 et seq.

44.    Plaintiff incorporates the allegations of paragraphs 1 through 43 above, with full force, veracity and legal effect.

45.    This Count arises under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.

46.    Defendants Eatware, Eatware Global and HKCMCPA are an enterprise within the meaning of 18 U.S.C. § 1961(4), which is engaged in, or the activities of which affect, interstate or foreign commerce. The fraudulent misrepresentations detailed above were made by Defendants Eatware, Eatware Global and HKCMCPA, by and through their agents Defendants Lo, Cheung, Tang, So and Wu,  to Plaintiff.

47.    The fraudulent misrepresentations set forth above represented a scheme and artifice to defraud Plaintiff, which was facilitated by use of the United States Mail, caused by Defendants Eatware, Eatware Global and HKCMCPA, and resulting in mail fraud within the meaning of 18 U.S.C. § 1341.

48. Mail fraud constitutes racketeering activity as that term is defined in 18 U.S.C. § 1961(1)(b).

49.    Defendants Eatware, Eatware Global and HKCMCPA, by and through their agents Defendants Lo, Cheung, Tang, So and Wu' multiple fraudulent misrepresentations as detailed above constituted a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5).

50.     Defendants Eatware, Eatware Global and HKCMCPA and their agents, associates and representatives have conducted, and have conspired to conduct, the affairs of Eatware, Eatware Global and HKCMCPA, through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), (d).

51.     As a direct and proximate result of these violations of 18 U.S.C. § 1962(c), (d), Plaintiff has suffered actual damages as a result of injury to its business and property of at least USD $1,000,000.

52.     Defendants Eatware, Eatware Global and HKCMCPA, by and through their agents Defendants Lo, Cheung, Tang, So and Wu, are liable to Plaintiff for treble damages, together with all costs of this action, all as provided under 18 U.S.C. § 1964(c). State Pendant Claims

## COUNT II

### BREACH OF CONTRACT

53. Plaintiff incorporates the allegations of paragraphs 1 through 52 as if fully pleaded.

54. The Plaintiff and Defendants Eatware, Lo and Cheung executed an exclusive advisory agreement on April 3, 2007, not expiring until April 3, 2009. However, on March 31, 2009, Defendant Eatware executed a stock purchase agreement with Defendant Eatware Global and diluted the Plaintiff's shares in the surviving entity significantly. The breach of the contract occurred on March 31, 2009 and the claim is timely.

55. The Plaintiff loaned Defendant Eatware $75,000 and prepaid over $100,000 in various expenditures on behalf of Defendant Eatware. Defendant Eatware was contacted about the loan as late as 2013. The breach of contracted occurred in 2013 and the claim is timely.

56. As such injuring Plaintiff therefore justifies an award of compensatory and consequential damages against said Defendants personally and in official capacity.

13

COUNT III

## BREACH OF CONTRACT-QUANTUM MERUIT THEORY

57. Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs of his Complaint with the same force and effect as if the same were fully set forth herein.

58.    From May 14, 2005, when Defendant Eatware first contacted the Plaintiff and asked the Plaintiff to advise Eatware go public in the U.S., up to September 11, 2009, the Plaintiff had spent over 5000 hours on various issues related to Defendant Eatware, such as identifying and negotiating with shell companies, setting up an Edgar account, paying legal fees, dealing with transfer agent, making a loan as well raising capital, etc. At the Plaintiff's normal rate of $150 per hour, five thousand hours equates to $750,000.

59. Plaintiff and Defendants Eatware, Lo and Cheung executed an exclusive advisory agreement on April 3, 2007, not expiring until April 3, 2009. Even after the expiration of the agreement, Plaintiff had been asked to perform various tasks related to capital raising of Defendant Eatware. Plaintiff hadn't been compensated for his effort and time.

60.    Defendants, by and through the agent, directors and other persons acting under apparent authority breached the agreement. Plaintiff sustained monetary damages as a result of the Defendants' breach, consisting specifically of compensatory and consequential damages.

COUNT IV

## FRAUDULENT INDUCEMENT

61. Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs of his Complaint with the same force and effect as if the same were fully set forth herein.

62. In the emails to Defendant Eatware during the period of November and December

14

2008, Defendants Lo, Cheung, Tang and HKCMCPA touted numerous times that Defendant Eatware Global was such a great company with a great promise to allure Eatware into a reverse merger with Eatware Global while withholding the contact information from CHSH until December 25, 2008. In reality, Eatware Global had licensed its sole IP to PKGH, another public company, in February 2008 and Defendant So had became CEO and Chairman of PKGH because of the licensing. Defendant So was about to face a legal action in a federal court in Mississippi because of breach of contract, civil conspiracy and fraud. Defendants Lo, Cheung, Tang and HKCMCPA were all aware of the facts while keeping the information from CHSH and Plaintiff.

63. On December 18, 2008 when Plaintiff requested CHSH to repay the loan and prepayment, Defendant Lo stated that the loans were made to Mr. Xianzhong Gu, the then CEO, and they are nothing to do with CHSH despite the certification from then CFO at CHSH and the breakdown of usage of Plaintiff's $75,000.

64. When the representations were so made, they were known by Defendant Lo to be false and were made by Defendant Lo with an intent to deceive and defraud the Plaintiff.

65. Plaintiff relied on Defendant Lo's fraudulent misrepresentations to his detriment.

66. The acts of Defendants, as hereinabove alleges, were in bad faith and constituted a fraud upon the Plaintiff. As a result of such false and fraudulent representations, Plaintiff lost profit amounted to $1,000,000 and, by reason of the facts herein alleged, Plaintiff was damaged in the sum of $1,000,000.

COUNT V

BREACH OF A FIDUCIARY DUTY

67. Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs of his Complaint with the same force and effect as if the same were fully set forth herein.

15

68. Defendants Tang and HKCMCPA as an auditor to CHSH and Defendants Lo and Cheung as a director and officer, respectively, in CHSH during the period of November and December of 2008 obviously beached their fiduciary duty to Plaintiff as a shareholder of CHSH by an attempt to ostracize the reverse merger between CHSH and Eatware Global while aware of zero asset at Eatware Global at the time. Defendants Tang and HKCMCPA as an auditor to CHSH extracted a consulting fee from CHSH for introducing a worthless Eatware Global to CHSH constituted a classical example of a breach of fiduciary duty.

69. The corporate action of merging between CHSH with Eatware Global on March 31, 2009 was not approved by a majority of shareholders, neither was the increase of authorization and reverse split on June 5, 2009, as required by Nevada Corporate statutes. Defendants Tang and HKCMCPA as an auditor were aware the fact. The fiduciary duty was bleached again by Defendants Tang and HKCMCPA in signing the audited financial of CHSH for 2008 and 2009 while ignoring the disapproval of the corporate action.

70. Eatware Global had an exclusive licensing agreement with PKGH, another public company, in 2008 while Defendant So had been a principal at the public company in biodegradable foodware from February 2008 to May 2009. The Stock Purchase Agreement between CHSH and Eatware Global and the subsequently reported 8k to SEC didn't disclose the material information. Defendants Tang and HKCMCPA as an auditor to sign off both entities' financial statements for the merger and subsequent report took the breach of the fiduciary duty to an extreme.

71. Eatware should file its annual report for the fiscal year ending on March 30, 2010 on June 30, 2010. However, Eatware hasn't filed financial statement with SEC after February 11, 2010. Also, Eatware hasn't filed proper adjustment with Secretary of State office in Nevada. As a result, the trading of Eatware, traded under the ticker of CHSH, was halted by SEC and registration of Eatware, Inc was revoked by Nevada State. As officers and directors, Defendants So ands Wu beached

16

their fiduciary duty.

72. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at the trial of this matter but not less than $ 1,000,000.

COUNT VI

INTENTIONAL INTERFERENCE WITH CONTRACTUAL ADVANTAGE

73.   Plaintiff incorporates the allegations of paragraphs 1 through 72 above and, in addition, avers that the Defendants' conduct in this matter constituted intentional interference with contractual advantage.

74. Defendants Lo, Cheung, Tang, HKCMCPA, So, Wu, and Eatware Global were aware of the existence of Plaintiff's exclusive advisory agreement, valid until April 3, 2009, with Defendant Eatware. However, these Defendants pushed CHSH to merger with Eatware Global prior to the expiration of the agreement. They engaged in tortious conduct toward Plaintiff, which conduct includes interference with Plaintiff's agreement with CHSH.

75.   Defendants Lo, Cheung, Tang, HKCMCPA, So, Wu, and Eatware Global were aware the existence of Plaintiff' loan agreement as well prepayment agreement with CHSH and CHSH's default. However, they opted to ignore these agreements for a purpose of causing Plaintiff to server the business relationship with CHSH.

76.   Such tortious conducts had caused Plaintiff humiliation, a sense of outrage, indignity, mental anguish, mental concern and a loss of personal mental solicitude. Defendants had acted maliciously, wantonly, reprehensibly, in bad faith and with ill will toward Plaintiff, which has caused injury to Plaintiff's mental solicitude and feelings for which Plaintiff seeks exemplary damages. Defendants together dishonestly operated in hidden manner with a substantive tort behavior against Plaintiff and caused economical loss to Plaintiff. These tort behaviors could be served as a predicate to conspiracy claim.

17

77. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at the trial of this matter but not less than $ 1,000,000.

COUNT VII

## CIVIL CONSPIRACY

78. Plaintiff incorporates the allegations of paragraphs 1 through 77 above as if fully pleaded.

79. On February 19, 2008, Eatware Global's intellectual properties of Eatware products, the sole asset of Eatware Global, was licensed to PKGH, a public reporting company traded on Bulletin Board and Defendant So became an officer and director of PKGH since that date, continuing to May 19, 2009. None of Defendants Lo, Cheung, Tang and HKCMCPA disclosed the facts above in November and December of 2008 when they pushed the reverse merger between CHSH and Eatware Global. When CHSH and Eatware Global executed the acquisition agreement on March 31, 2009, none of above was disclosed.

80. On December 28, 2008, CHSH amended its article to increase the authorization with a shareholder's approval. However, the March 31, 2009 acquisition of Eatware Global by CHSH was never approved by the shareholders. According to NV statutes, a corporate action as such would need a shareholder's approval, not only the board's resolution. Defendants Tang, HKCMCPA, So, Wu and Eatware Global were aware the fact.

81. On June 5, 2009, Defendant Eatware effectuated an increase of capital to 2,500,000,000 shares in common and 10,000,000 shares in preferred as well as a 70-for-1 reverse split of the common stock. Again, this action didn't have a shareholder's approval. Defendants Tang, HKCMCPA, So, Wu and Eatware Global were aware the fact.

82. The facts above show the Defendants, by and through their agents, employees and representatives, had engaged a civil conspiracy against the Plaintiff. The

actual damage to the Plaintiff as a result of the conspiracy thus justifies an award of compensatory, consequential and punitive damages.

## COUNT VIII

### UNJUST ENRICHMENT

83. Plaintiff incorporates the allegations of paragraph 1 through 82 above, with full force, veracity and legal effect.

84. Defendants Tang and HKCMCPA extracted $50k in consulting fee from CHSH for introducing Eatware Global to CHSH while functioning as an auditor to both CHSH and Eatware Global. The $50K was part of $75k Plaintiff loaned to CHSH.

85. The reverse merger between CHSH and Eatware Global had decreased the plaintiff interest in CHSH/Eatware significantly while boosting Defendants Lo, Cheung, So, Wu and Eatware Global greatly.

86. By and through their agents, Defendants' conduct as described above constitutes unjust enrichment for which it should be required to make restitution of property and benefits received, retained or appropriated as a result of Defendants' conduct listed herein.

## V.    Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

WHEREFORE, Plaintiff prays for a judgment in his favor and against the Defendants, and that the following relief be awarded to the Plaintiff:

a.    Actual damages in a sum no less than $1,000,000 sustained as a direct and proximate against Defendants Lo, Cheung, Tang, So, Wu, Eatware Global, Eatware and HKCMCPA each for violations of 18 U.S.C. § 1962(c);

b.    Treble damages in a sum no less than $3,000,000 against Defendants Lo, Cheung, Tang, So, Wu, Eatware Global, Eatware and HKCMCPA as provided under 18 U.S.C. § 1964(c);

19

c.      Compensatory, consequential and punitive damages in a sum no less than $1,000,000 against Defendants Eatware, Lo and Cheung each for breach of contract;

d.      Compensatory, consequential and punitive damages in a sum no less than $1,000,000 against Defendants Eatware, Lo and Cheung each for breach of contract-quantum meruit theory;

e.      Compensatory and consequential damages in a sum no less than $1,000,000 against Defendants Lo, Cheung, Eatware, Tang and HKCMCPA each for fraudulent inducement;

f.      Compensatory and consequential damages in a sum no less than $1,000,000 against Defendants Lo, Cheung, So, Wu, Tang and HKCMCPA each for breach of a fiduciary duty;

g. Compensatory, consequential and punitive damages in a sum no less than $1,000,000 against Defendants Lo, Cheung, Tang, HKCMCPA, So, Wu and Eatware Global each for intentional interference with contract;

h. Compensatory, consequential and punitive damages in a sum no less than $1,000,000 against Defendants Lo, Cheung, So, Wu, Eatware Global, Tang and HKCMCPA each for committing civil conspiracy;

i. Compensatory, consequential and punitive damages in a sum no less than $1,000,000 against Defendants Tang, HKCMCPA, Lo, Cheung, So, Wu and Eatware Global each for unjust enrichment;

j. For judgment in a sum no less than $1,000,000 in favor of Plaintiff and against Defendants Lo, Cheung, So, Wu, Eatware, Eatware Global, Tang and HKCMCPA upon each and every cause of action and for an award of damages, recovery of exemplary damages in such amounts as may be proven at trial;

k.      For judgment against Defendants Lo, Cheung, So, Wu, Eatware, Eatware Global, Tang and HKCMCPA for Plaintiff's costs and disbursements;

l. An injunction restraining and prohibiting Defendants or any of its representatives, agents, employees, persons or entities acting in privity with Defendants, from liquidating and/or transferring any assets amounting to $1,000,000 presently located within the Jurisdiction of this Court until such time that the Court deems such transaction appropriate; and

m. For any and all equitable and further relief as the Court may deem just and proper.

20

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 26th day of August, 2014.

Signature of Plaintiff

Mailing Address: 3330 Parker Ln, East Stroudsburg, Pa 18301
Telephone Number : 917-723-0338; Fax Number *(if you have one)*
*909-740-1855*

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.   Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____ , 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:

Inmate Number

*Rev. 05/2010*